IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLEMING FITZGERALD & ASSOCIATES )
LIMITED, FISH AND GAME FRONTIERS, )
INC. d/b/a FRONTIERS INTERNATIONAL, )
INC., PONOI RIVER COMPANY and )
SHACKLETON INTERNATIONAL LIMITED )
      Plaintiffs, )
)
v. ) Civil Action No. 07-1596
)
U.S. SPECIALTY INSURANCE COMPANY, )
      Defendant and Third- )
      Party Plaintiff, )
)
v. )
)
ZURICH AMERICAN INSURANCE COMPANY )
and STEADFAST INSURANCE COMPANY )
      Third-Party Defendants. )
)

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                April 7, 2008

This is an insurance coverage case. Plaintiffs, Fleming Fitzgerald & Associates Limited, Fish and Game Frontiers, Inc. d/b/a Frontiers International Inc., Ponoi River Company, and Shackleton International Limited are insureds under a directors, officers, and organization liability policy ("the Policy") issued by defendant U.S. Specialty Insurance Company. Plaintiffs sought insurance coverage under the policy for defense costs incurred in an underlying Tennessee state court lawsuit filed against them, L. Hardwick Caldwell, III et al. v. Ponoi River Co., et al., Chancery Court of Hamilton County, Tennessee, No. 07-0326 ("Caldwell action"). Defendant denied insurance coverage, citing an "errors

and omissions" exclusion contained in the Policy.

On February 29, 2008, plaintiffs filed a motion for partial summary judgment arguing that defendant was obligated under the Policy to reimburse them for their defense fees and costs incurred in the Caldwell action. [Doc. No. 39]. On April 3, 2008, defendant filed a motion pursuant to Fed.R.Civ.P. 56(f), and asked the court to permit defendant to conduct discovery. [Doc. No. 44]. Defendant has also filed a motion to stay the disposition of plaintiff's motion for partial summary judgment.[1] [Doc. No. 45]. Defendant seeks to depose various witnesses from the Caldwell action so that it may obtain "relevant and necessary information to support its contention that coverage for the Underlying Action is precluded under the terms and conditions of the D&O Policy."[2] [Doc. No. 44 at ¶ 21].

Pennsylvania law is clear that when determining whether coverage for an underlying claim exists under an insurance contract, the court must first determine the scope of coverage,

---

[1] Pursuant to this court's order of January 25, 2008, defendant's response to plaintiffs' motion for partial summary judgment is due April 15, 2008.

[2] Defendant previously requested that it be permitted to conduct discovery prior to the filing of summary judgment motions during the January 25, 2008 status conference. The court denied that initial request during the status conference and ruled that all discovery would be stayed pending the outcome of plaintiff's motion for summary judgment as to the coverage issue.

then must examine the complaint in the underlying action to ascertain if it triggers coverage. See Gen. Accident Ins. Co. Of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). Accordingly, only the insurance policy and the complaint from the Caldwell action is necessary for this court to make a coverage determination.[3] Therefore, defendant's motion will be denied. See Chestnut Hill Acad. v. Graphic Arts Mut. Ins. Co., No. 04-1560, 2005 WL 1715660, *6 (E.D. Pa. July 22, 2005) (denying insurers' rule 56(f) motion because the resolution of the insured's motion for summary judgment regarding insurance coverage did not depend on any yet-to-be discovered material facts). Defendant's motion for stay, which includes a request for a thirty day extension of time to respond to plaintiffs' motion for summary judgment, will also be denied. [Doc. No. 45]. An appropriate order follows.

---

[3] Defendant's Rule 56(f) motion ignores this issue, that the coverage determination is limited to an examination of the policy and the complaint. Notably, defendant fails to address plaintiffs' comment that, "[b]ecause U.S. Specialty is limited to the four corners of the First Amended Complaint, its insistence to this Court that it be permitted to obtain approximately 20,000 pages of documents produced in the Caldwell Action as well as depositions and written discovery to oppose this Motion, which it received on February 1, 2008, is puzzling." [Doc. No. 41 at 7, ftn. 5].

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLEMING FITZGERALD & ASSOCIATES LIMITED, FISH AND GAME FRONTIERS, INC. d/b/a FRONTIERS INTERNATIONAL, INC., PONOI RIVER COMPANY and SHACKLETON INTERNATIONAL LIMITED<br>    Plaintiffs,<br><br>v.<br><br>U.S. SPECIALTY INSURANCE COMPANY,<br>    Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and STEADFAST INSURANCE COMPANY<br>    Third-Party Defendants. | Civil Action No. 07-1596 |

<u>ORDER</u>

AND NOW, this 7th day of April, 2008, upon consideration of defendant's motion pursuant to Federal Rule of Civil Procedure 56(f) [Doc. No. 44], IT IS HEREBY ORDERED THAT the motion is DENIED.

IT IS FURTHER ORDERED THAT defendant's motion for stay [Doc. No. 45] is also DENIED.

BY THE COURT:

_____, J.