IN THE UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLEMING FITZGERALD & ASSOCIATES, LIMITED, FISH AND GAME FRONTIERS, INC. d/b/a FRONTIERS INTERNATIONAL, INC., PONOI RIVER COMPANY and SHACKLETON INTERNATIONAL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. SPECIALTY INSURANCE COMPANY, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY and STEADFAST INSURANCE COMPANY, <br><br> Third-Party Defendants. | CIVIL ACTION NO. 2:07-cv-1596 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Hon. Gary L. Lancaster |

## STIPULATED ORDER GRANTING MOTION TO ALTER, AMEND OR CLARIFY

The plaintiffs filed a motion for partial summary judgment (doc. no. 39), seeking a determination from the Court as to defendant's liability to pay costs incurred to defend a certain state court action in Tennessee. Defendant opposed that motion and filed a cross-motion for summary judgment (doc. no. 51) seeking a determination that the policy afforded no coverage due to two exclusions contained in the policy. The Court filed a memorandum and

order (doc. no. 70) on September 30, 2008, ruling on those motions. The September 30, 2008 order (doc. no. 70, pages 37-38), granted plaintiffs' motion (document no. 39), granted in part and denied in part defendant's motion (doc. no. 51), entered judgment in plaintiffs' favor as to liability under count one of the amended complaint, and dismissed defendant's counterclaim. Defendant then filed a motion to alter, amend or clarify (doc. no. 71), challenging the scope of the relief granted by the September 30, 2008 order (doc. no. 70, pages 37-38).

Plaintiffs and defendant have reached an agreement concerning the matters raised in the motion to alter, amend or clarify (doc. no. 71), and with the Court's permission and approval, they hereby jointly request that the Court modify its order (doc. no. 70, pages 37-38) as follows:

1. The portion of said order that reads "IT IS FURTHER ORDERED THAT judgment is entered in favor of plaintiffs, and against defendat, as to liability for plaintiff's breach of contract claim" is hereby AMENDED to state as follows:

> "IT IS FURTHER ORDERED THAT judgment is entered in favor of plaintiffs, and against defendant, as to liability for plaintiff's breach of contract claim with respect to defendant's obligation to reimburse plaintiffs' attorneys' fees and costs incurred in defending the Caldwell action with the exception of such fees and costs in defending Count III (breach of contract) of the Caldwell action. Issues relating to the plaintiffs' damages and their claims for bad faith remain unresolved."

2. The portion of said order that reads "IT IS FURTHER ORDERED THAT defendant's counterclaim against plaintiffs is dismissed" is hereby AMENDED to state as follows:

"IT IS FURTHER ORDERED THAT defendant's counterclaim against plaintiffs is dismissed, but only to the extent that the counterclaim sought a declaration or other judgment or order from the Court that defendant had no obligation to reimburse the plaintiffs' defense costs for the following counts of the Caldwell action: Counts I (civil conspiracy), II (violation of Tennessee consumer protection act), IV (estoppel), V (common law procurement of breach of contract), VI (statutory procurement of breach of contract), VII (tortious interference with business relationship), VIII (tortious interference with business relationship), IX (breach of fiduciary duty), X (breach of agency relationship, XII (intentional misrepresentation), XIII (negligent misrepresentation), and XIV (injunctive relief).

3. The following sentences are added to the order (doc. no. 70, pages 37-38):

"This ruling is without prejudice to any other defenses or counterclaims asserted by USSIC that were not raised by the parties' motions for summary judgment (doc. nos. 39 and 51) and that were not addressed in the memorandum (doc. no. 70, pages 1-36) of September 30, 2008."

4. The following sentence is also added to the order (doc. no. 70, pages 37-38):

"To the extent that the memorandum (doc. no. 70, pages 1-36) of September 30, 2008, is inconsistent with this order, said memorandum is hereby modified accordingly."

BY THE COURT:

_____ J.

3

READ AND APPROVED FOR ENTRY:

_____
Robert E. Dapper, Jr., Esquire
Counsel for Plaintiffs

_____
Louis C. Long, Esquire
Counsel for Defendant and Third-Party Plaintiff